MADDOX, Justice
(concurring in the result.)
I concur in the Court’s refusal to review the judgment of the Court of Criminal Appeals, because the Court of Criminal Appeals correctly held that the provisions of Ala.Code 1975, § 15-25-3(c), which state that “a child victim of sexual abuse or sexual exploitation” shall be a competent witness, apply only to a case of sexual abuse or exploitation of a child and not to a case of physical abuse of a child, the charge in this case.
The Court of Criminal Appeals, in its opinion, suggested “that the legislature [should] consider amending the statute regarding victims of child abuse,” and I agree with that court’s conclusion that there is no logical reason why a child victim should not be a competent witness in a physical abuse case just as in a case involving sexual abuse or exploitation. I write this special concurrence to suggest that this Court could, without waiting for the legislature to act, adopt a rule of criminal procedure and effect the change.
The legislature had, before the adoption of Amendment 328 granting to this Court rule-making power, adopted several statutes relating to “evidence and witnesses.”[1] Although I recognize that the statute under consideration was adopted after the ratification of Amendment 328, it is my opinion that the competency of a witness to testify in a trial is a matter of procedure *384 and that after the adoption of Amendment 328 this Court, under its rule-making power, is thus empowered to adopt a rule of procedure that would govern the competency of evidence and witnesses.[2] Consequently, it is my opinion that this Court could provide, by the adoption of a rule of procedure, that a child victim could be a competent witness in a case involving physical abuse even though the legislature has not acted; therefore, I do not think that this Court need await legislative action, as suggested by the Court of Criminal Appeals, but that it could adopt a rule of procedure that would provide that a child victim could be a competent witness in a trial involving physical abuse as well as sexual abuse. That is especially true regarding the statute here being interpreted, because this particular statute is codified in Title 15, which deals with criminal procedure, and the legislature has specifically provided in § 15-1-1 that “[a]ny provisions of [Title 15] regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the supreme court of Alabama.” (Emphasis added.)
Because this Court has not adopted a rule of practice governing the competency of a child to testify in a case involving physical abuse, I concur in the result reached here, but I would suggest that Rule 19.2, Ala.R.Crim.P., which deals with “evidence and witnesses” in criminal cases, could be amended to provide that a child victim would be competent to testify in a physical abuse case.
STEAGALL and INGRAM, JJ., concur.

. Several of these statutes are collected in Title 12, Chapter 21. Ala.Code 1975, §§ 12-21-1 through 12-21-285.

. Amendment 328, Sec. 6.11, does provide that any rule adopted by the Court "may be changed by a general act of statewide application."